﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 181005-845
DATE: August 31, 2020

REMANDED

Entitlement to service connection for right leg disability, to include as secondary to service-connected disabilities, is remanded.

Entitlement to service connection for left foot disability, to include as secondary to service-connected disabilities, is remanded.

REASONS FOR REMAND

The Veteran had active service from September 1978 to February 1981.

The current appeal was initiated in the Department of Veterans Affairs’ (VA’s) legacy system, as a result of findings by the Agency of Original Jurisdiction (AOJ) in an August 2018 rating decision. This “legacy” appeal was previously remanded by the Board of Veteran’s Appeals (Board) in August 2015 and November 2017. 

The Veteran later testified before the undersigned Veterans Law Judge in February 2020. A copy of the transcript has been associated with the electronic claims file. 

On May 11, 2018, VA received the Veteran’s Rapid Appeals Modernization Program (RAMP) election form, opting into the RAMP program and selecting the higher-level review process. In response, his appeal was withdrawn from the legacy appeal system, and his claims were forwarded to the RO for higher level review adjudication. The August 2018 rating decision on appeal again denied his claims. On October 4, 2018, the Veteran submitted VA Form 21-4138 selecting the hearing option, which allows evidence submission within 90 days of the hearing. This decision has been written consistent with the AMA framework. 

1. Entitlement to service connection for right leg disability, to include as secondary to service-connected disabilities, is remanded.

The Veteran has asserted a claim for service connection for a right leg disorder characterized by pain and numbness.

Service treatment records document that the Veteran was in motor vehicle accident (MVA) in July 1979 during active service. The Veteran is currently service connected for disabilities related to the in-service MVA, including degenerative disc and arthritic disease of the lumbar spine and left lower extremity limb length discrepancy.

The Board notes that the August 2018 rating decision favorably found that a VA examination dated November 2017 shows a diagnosis of right anterior femoral cutaneous nerve injury following favorable finding, and the Board will accept this finding as fact in the absence of clear and unmistakable evidence to the contrary. Further, the record includes a diagnosis of osteoarthritis of the right knee, stemming from a November 2015 VA examination. 

Throughout the lengthy pendency of the current appeal, the Veteran has asserted that right leg disorder is a result of his service-connected back disability and left lower extremity limb length discrepancy, and his years of overcompensating and/or because of his gait. Consequent to the Board prior remands, the record includes three nexus opinions addressing this assertion, the most recent of which was offered in November 2017. However, for the reasons discussed below, the Board concludes that these opinions are inadequate for the purpose of readjudicating the Veteran’s appeal. 

The Board finds that the 2017 opinion did not adequately address the service treatment records regarding the Veteran’s reported right leg pain beginning contemporaneously with his service-connected back injury following his in-service motor vehicle accident in 1979. Instead, the examiner almost exclusively relied on a 2012 post-service shower injury as the purported cause of the Veteran’s right leg disorder and medical records pertaining to that injury. Nor did the examiner discuss the Veteran’s credible reports of right leg pain during active service and continuing thereafter. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The probative value of a medical opinion comes from the physician’s reasoning. Nieves-Rodriguez v. Peak, 22 Vet. App. 295 (2008). While the Board cannot substitute its own medical judgment for that of the examiner, the Board can consider and weigh discrepancies between the examiner’s findings and the evidence of record. An examination that does not take into account all of the evidence of record is inadequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007); Dalton v. Nicholson, 21 Vet. App. 23, 39-40 (2007). The Board finds the 2017 examiner’s opinion was conclusory and inadequate as to the etiology of the Veteran’s right leg disorder. 

In light of above, the Board finds that the AOJ’s readjudication of the Veteran’s appeal without obtaining an adequate nexus opinion represents a pre-decisional error in the duty to assist that must be corrected on remand. 

2. Entitlement to service connection for left foot disability, to include as secondary to service-connected disabilities, is remanded.

The Veteran has asserted that his left foot plantar fasciitis is secondary to his service-connected disabilities, including a low back disability and a left lower extremity limb length discrepancy. 

The Board notes that the August 2018 rating decision on appeal favorably found that plantar fasciitis of the left foot had been diagnosed in 2014. As with the Veteran’s right leg disability, he contends that his left foot disability is the result of his service-connected back disability and left lower extremity limb length discrepancy, and his years of overcompensating and/or because of his gait.

The Veteran was afforded a VA examination in February 2016; however, the nexus opinions offered by the VA examiner did not address causation or aggravation of the Veteran’s left foot disability by his service-connected left lower extremity limb length discrepancy. Further, the examiner did not consider the lay evidence reflecting that the Veteran had experienced left foot pain during and since the in-service motor vehicle accident that resulted in his service-connected low back disability and left lower extremity limb length discrepancy. 

An examination that does not take into account all of the evidence of record is inadequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). The Board finds the examiner’s opinion was inadequate as to the etiology of the Veteran’s left foot disorder. Due to the inadequacy of the examination, it is of little probative value concerning the etiology of the Veteran's left foot disorder. Jones v. Shinseki, 23 Vet. App. 382, 389 (2010). Therefore, the Board finds that a remand is necessary to correct the duty assist error and provide the Veteran with another VA examination. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any right leg disorder. The examiner should provide the following opinions:

(a.) Whether the Veteran’s right leg disorder is at least as likely as not (50% probability or higher) related to the 1979 in-service motor vehicle accident.

(b.) Whether the Veteran’s right leg disorder is at least as likely as not (50% probability or higher) proximately due to or aggravated by his service-connected disabilities. 

If aggravation is shown, the examiner should quantify the degree of aggravation, if possible. The question of secondary aggravation must be addressed separately from the question of secondary causation.

2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any left foot disorder. The examiner should provide the following opinions:

(a.) Whether the Veteran’s left foot plantar fasciitis is at least as likely as not (50% probability or higher) related to the 1979 in-service motor vehicle accident.

(b.) Whether the Veteran’s left foot plantar fasciitis is at least as likely as not (50% probability or higher) proximately due to or aggravated by his service-connected disabilities. 

If aggravation is shown, the examiner should quantify the degree of aggravation, if possible. The question of secondary aggravation must be addressed separately from the question of secondary causation.

3. Thereafter, the AOJ must readjudicate the issues on appeal. If any benefit sought is not granted to the fullest extent, the Veteran and his representative must be provided a copy of the readjudication and provided an opportunity to respond. 

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Debra B. McLoughlin, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.